UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT EARL CHRISTOPHEL,

        Plaintiff,

v.                                                                                          Case No. 08-C-935

JOHN HUSZ, sued as Warden J Husz,
and MARY BRANDL,

        Defendants.

# ORDER

The plaintiff, who is incarcerated at the Milwaukee Secure Detention Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. *Id.* The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the

average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $2.01.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

2

Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at the Milwaukee Secure Detention Facility (MSDF). The defendants are MSDF Warden John Husz and Mary Brandl, probation agent. The plaintiff alleges:

3

> I was brought to M.S.D.F. when asked if I had any problems I told them I had a low back [injury] & a low bunk [restriction] & sever[e] [depression]. I was then placed in [observation] for 24 hours then to 6A02 Boat then to 6A04 lower then 8B19 Boat where a correctional officer came over the speaker [and] ask[ed] do I have any restrictions[.] I told him low bunk so he gave it to some one else[.] The next day he told me I may have that restriction at H.O.C. M.C.S. but not at M.S.D.F. so he ordered me to 8B12 upper where I slept until I rolled off the bunk 5 feet to the ground[.] All correctional officers work under Warden Husz and Mary Brandle[.] Since my fall I have a hard time remembering things a very bad headache on 1 to 10 scale it would be a[n] 8. I have [made] any requests for a doctor but only see him every now and then and my back hurt at about a 6, I have to lay on a 1 inch mattress layed or metal bunk bed in a cold room and was not advised of my [rights] but was thre[a]tened if I did not give a statement I would not get out of M.S.D.F.! Mary Brandl put a no contact order between me and my wife without just cause so I have no one to stand up for me or help me get a A.T.R. so h[ere] I sit in pain and freez[e] with no help and three men to a 6' by 12' room never get to see the outside[.]

(Compl. ¶ IV.A.)

The plaintiff claims that his First Amendment right to freedom of intimate association has been violated as well as his Eighth Amendment right to be free from cruel and unusual punishment. He also claims that he was denied the "right to send and receive mail regardless of income as handed down by the U.S. Supreme Court." (Compl. ¶ IV. B.) For relief, the plaintiff seeks that the court have MSDF "follow all prison rules and put safety rails on all upper bunks[,] have probation and parole read you your Miranda right before you give a statement[,] have DOC retiere Mary Brandl and have probation have a signed paper to say either both want or do not want a no contact order and 5,000,000.00 pain and suffering and mental anguish and give MSDF inmates all prisoners rights [sic]". (Compl. ¶ V.)

4

The plaintiff appears to be claiming that his rights under the Eighth Amendment were violated when he was assigned to an upper bunk despite a medical restriction that he only be placed on a low bunk. The plaintiff informed a correctional officer about the low bunk restriction but then the officer gave the low bunk to another inmate. The plaintiff subsequently fell five feet from the upper bunk to the floor injuring his head and back. Construed liberally, these allegations state an arguable Eighth Amendment claim. However, the plaintiff has not identified any defendant personally involved in the claim. Section 1983 does not create a claim based on collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 875 (7th Cir. 1992). Supervisory responsibility of a warden is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on his instructions. *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998). An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation; b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights; or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. *Rascon*, 803 F.2d at 274; *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.

5

1982). If the plaintiff wishes to proceed with this claim, he will need to identify defendants personally involved in the claim.

The plaintiff also advances a First Amendment claim based on allegations that defendant Brandl imposed a no contact order between he and his wife. It is not clear whether the plaintiff was incarcerated when the order was imposed. It may be that the order prevented the plaintiff from communicating with his wife while he was incarcerated, since the plaintiff also mentions that his right to send and receive mail was violated. In any event, the court is unable to understand the meaning of this claim. If the plaintiff wishes to proceed based on these allegations, he should provide additional information.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **May 15, 2009**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. *Id.* (citations

6

omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, this action will be dismissed.

## MOTIONS TO APPOINT COUNSEL

The plaintiff has filed two motions to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, based on the plaintiff's filings, the court is not convinced that he is unable to litigate this case on his own at this stage. He has submitted numerous documents in this case and is being given the opportunity to file an amended complaint refining his claims. Therefore, at this

7

time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's motions for appointment of counsel is denied.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #18) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #19) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **May 15, 2009**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $347.99 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

8

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge