UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT EARL CHRISTOPHEL,

        Plaintiff,

v.                                                                Case No. 08-CV-935

JOHN HUSZ, sued as Warden Husz,
and MARY BRANDL,

        Defendants.

## ORDER

The plaintiff, who is incarcerated at the Milwaukee Secure Detention Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On April 14, 2009, the court granted the plaintiff's motion for leave to proceed *in forma pauperis*, screened the complaint pursuant to 28 U.S.C. § 1915A, and directed the plaintiff to file an amended complaint curing the deficiencies in the original pleading. The plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The original complaint was deficient because the plaintiff failed to identify any defendant personally involved in his claim. In his amended complaint, the plaintiff reiterates allegations that his Eighth Amendment rights were violated when he was assigned to an upper bunk despite a medical restriction that he only be placed on a low bunk. The plaintiff informed a correctional officer about the low bunk restriction but then the officer gave the low bunk to another inmate. The plaintiff subsequently fell five feet from the upper bunk to the floor injuring his head and back. The plaintiff alleges that he asked both his unit manager and social worker to give him the name of the correctional officer who ordered him to the upper bunk but "since I've no lawyer to help me get the information and I am just a[n] inmate I doubt they will comply with my request." (Am. Compl. at 1.)

The amended complaint then goes on to allege other claims. First, the plaintiff complains about the conditions in general at the Milwaukee Secure Detention Facility. However, these allegations, which for the most part consist of the plaintiff's

-3-

complaints that he was unable to see sunlight because he was confined to his cell for eighteen hours a day, fail to state a claim. Next, the plaintiff mentions his claim against his probation agent, defendant Mary Brandl, concerning a no contact order that was enacted between the plaintiff and his wife. However, the plaintiff is already proceeding on a case in this court based on these allegations (Case Number 08-CV-755).

The plaintiff has attempted to cure the original complaint deficiency by seeking the identity of the individual involved in his claim. However, the amended complaint is still unacceptable for several reasons. First, the amended complaint does not contain a section identifying a specific defendant or defendants. *See* Fed. R. Civ. P. 10(a) (the title of the complaint must name the parties). The amended complaint also does not contain a request for relief. *See* Fed. R. Civ. P. 8(a) ("[a] pleading that states a claim for relief must contain . . . a demand for the relief sought"). The court also notes that the amended complaint contains too much extraneous information. For example, there is no need for the plaintiff to keep bringing up the allegations against defendant Brandl because, as noted, he is already proceeding in Case Number 08-C-755 based on these allegations. Finally, the plaintiff is advised that his second amended complaint should consist of one filing. In other words, the plaintiff may not keep filing letters, documents, or other "evidence" with the court and requesting that the court consider it as part of the complaint. These filings will not be construed as part of the plaintiff's second amended complaint. To state a claim,

the amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Based on the foregoing, the court will provide the plaintiff with one additional opportunity to file a complaint in this action. **The plaintiff should use the enclosed form titled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" to file his second amended complaint.** If unable to identify the individual personally involved in his complaint allegations, the plaintiff may substitute current defendant Warden John Husz for the time being, and learn the identity at a later date through the use of discovery. The second amended complaint must be filed on or before **July 20, 2009**. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

If a second amended complaint is timely received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, this action will be dismissed.

Accordingly,

**IT IS ORDERED** that on or before **July 20, 2009**, the plaintiff shall file a second amended complaint curing the defects in the amended complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office send to the plaintiff a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 form along with this Order.

**IT IS ALSO ORDERED** that copies of this Order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 1st day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge