**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ROBERT EARL CHRISTOPHEL,

        Plaintiff,

v.                                                                  Case No. 08-CV-935

JOHN HUSZ and MARY BRANDL,

        Defendants.

**ORDER**

The plaintiff, who is incarcerated at the Milwaukee Secure Detention Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. On April 14, 2009, the court screened the original complaint pursuant to 28 U.S.C. § 1915A and directed the plaintiff to file an amended complaint curing the deficiencies in the original pleading. The plaintiff filed his amended complaint and, upon screening that pleading on July 1, 2009, the court granted the plaintiff additional time to file a second amended complaint curing deficiencies and also provided the plaintiff with a form complaint to use.

The plaintiff has not filed a second amended complaint. Instead, on July 16, 2009, he filed a letter notifying the court that he recently discovered that he failed to take the required step of exhausting his administrative remedies before filing this action. He requests that the court either stay this case so that he can exhaust or, alternatively, dismiss the case without prejudice. If the court chooses the latter

option, the plaintiff requests that it hold his filing fee until he refiles this case, or refund the portion that he has paid so far.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

In general, exhaustion of administrative remedies is required before a case may be brought, even if exhaustion is accomplished during pendency of the case.

-2-

*See* 42 U.S.C. § 1997e(a); *Perez*, 182 F.3d at 534-37; and *Booth v. Churner*, 532 U.S. 731, 739 (2001). In *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005), the Court of Appeals for the Seventh Circuit recognized an exception to the rule, whereby fully exhausted claims could be raised by amending an already pending complaint, in lieu of initiating a new proceeding. However, in this case, the plaintiff's yet-to-be filed second amended complaint is not for recent, related claims but rather for claim(s) that were alleged in both the original and first amended complaints. Thus, staying the case while the plaintiff exhausts his administrative remedies would be futile.

Within this circuit, a prisoner's failure to exhaust administrative remedies before bringing a § 1983 suit is an affirmative defense, which defendants must raise. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). However, a prisoner's § 1983 case may be dismissed for failure to exhaust administrative remedies at the pleading stage if he pleads himself out of court. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). The court will, therefore, dismiss this case without prejudice for failure to exhaust. *See Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004).

However, the court cannot hold or refund the portion of the filing fee the plaintiff has paid thus far. The act of filing this case triggered the plaintiff's obligation to pay the filing fee in full. *See* 28 U.S.C. § 1915(b).

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 1997e(a).

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #30) be and the same is hereby **DENIED as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #31) be and the same is hereby **DENIED as moot**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge